Citation Nr: 1736719 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 14-03 138 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Hartford, Connecticut


THE ISSUES

1. Entitlement to an evaluation in excess of 10 percent for service-connected asthma.

2. Entitlement to a compensable evaluation for service-connected vascular headaches.

3. Entitlement to service connection for allergies.

4. Entitlement to service connection for tinnitus.

5. Entitlement to service connection for right knee tendonitis.


REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

L. Durham, Counsel


INTRODUCTION

The Veteran served on active duty from March 1999 to April 2007.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision by the VA RO in Houston, Texas.

The Veteran testified at a video conference hearing before the undersigned Veterans Law Judge (VLJ) at the Hartford, Connecticut, RO in March 2016. A transcript of the hearing is of record.

In August 2016, the Board denied the issue of service connection for tinnitus and remanded the remaining issues on appeal for further development. Subsequently, the Veteran appealed the denial of his claim for service connection for tinnitus to the United States Court of Appeals for Veterans Claims (Court). In an April 2017 Joint Motion for Partial Remand (JMPR), the Board's denial of service connection for tinnitus was vacated and remanded for further development and consideration. All issues are now back before the Board for consideration. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.



REMAND

Additional development is needed prior to the adjudication of the claims on appeal. 

With regard to the Veteran's asthma, vascular headaches, allergies, and right knee tendonitis, these issues were remanded by the Board in August 2016 for further development, to include obtaining pertinent VA medical examinations. The Veteran was scheduled for pertinent VA examinations on September 6, 2016. On September 8, 2016, the Veteran submitted a statement requesting that his VA examinations be rescheduled. He asserted that he was unable to make the appointment due to being out of town for work. 

In light of the Veteran's request, the Board will remand these issues once again in order to provide him the VA examinations requested in the August 2016 Board determination. However, the Board advises the Veteran that it is his responsibility to cooperate with VA in matters involving the development of his claim, noting that the Court has held that "[t]he duty to assist is not always a one-way street. If a veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence." Wood v. Derwinski, 1 Vet. App. 190, 193 (1991).

With regard to the Veteran's tinnitus claim, further development is needed in accordance with the April 2017 JMPR. Specifically, the JMPR noted that an April 2010 VA examiner appeared to have based his negative nexus opinion on a lack of clinically significant hearing loss and a lack of in-service complaints of tinnitus. The JMPR noted that the examiner did not provide any support for his conclusion, and VA adjudication materials do not suggest that tinnitus must have its onset during service or be accompanied by hearing loss in order to be linked to in-service noise exposure. As such, the parties agreed in the April 2017 JMPR that the April 2010 VA examiner's opinion lacked an adequate rationale because the examiner failed to provide an explanation for his apparent conclusion that the Veteran's tinnitus would be accompanied by hearing loss if it were related to in-service noise exposure. Therefore, this issue should be remanded in order to obtain another VA opinion addressing the etiology of the Veteran's tinnitus. 
Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination to ascertain the current severity and manifestations of his service-connected asthma.

2. Schedule the Veteran for an appropriate VA examination to ascertain the current severity and manifestations of his service-connected vascular headaches.

3. Schedule the Veteran for a VA right knee examination. All appropriate tests and studies should be performed and all clinical findings reported in detail. The claims file should be provided to the appropriate examiner for review, and the examiner should note that it has been reviewed. The examiner should elicit from the Veteran a history of his symptoms and onset relating to his claimed right knee condition. After reviewing the file, examining the Veteran, and noting his reported history of symptoms, the examiner should respond to the following:

a. Diagnose all right knee disabilities. 

b. Provide an opinion as to whether it is as likely as not that any diagnosed right knee disability began during service or was caused or aggravated by his active service.

c. Provide an opinion as to whether it is as likely as not that any diagnosed right knee disability was caused or aggravated by his service-connected left knee disability.

d. If the Veteran is not noted as having a diagnosable disability of any kind to account for his right knee complaints, provide an opinion as to whether it is at least as likely as not that the Veteran has current right knee joint pain that is due to an undiagnosed illness or condition. 

The examiner is advised that the term "as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. The examiner should provide a complete rationale for any opinions provided.

4. Schedule the Veteran for an appropriate VA examination for his allergies claim. All appropriate tests and studies should be performed and all clinical findings reported in detail. The claims file should be provided to the appropriate examiner for review, and the examiner should note that it has been reviewed. Additionally, the examiner should elicit from the Veteran a history of his symptoms and onset relating to his allergies. After reviewing the file, examining the Veteran, and noting his reported history of symptoms, the examiner should respond to the following:

a. Diagnose the Veteran with all disabilities related to his allergies claim, to include all chronic respiratory and chronic nasal disabilities. 
b. Provide an opinion as to whether it is as likely as not that any diagnosed chronic allergy disability, to include a chronic respiratory or a chronic nasal disability, began during service or was caused or aggravated by his active service. In rendering this opinion, the examiner should consider the Veteran's reports of exposure to chemicals and other environmental hazards from burn pits while serving on active duty in Iraq and the effect that this exposure could have on a chronic allergy, respiratory, or nasal disability.

The examiner is advised that the term "as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. The examiner should provide a complete rationale for any opinions provided.

5. Return the claims file to the VA examiner who provided the April 2010 VA opinion so that an addendum opinion may be obtained. If the same examiner is not available, an opinion should be provided by a similarly qualified VA examiner.

Provide an opinion as to whether it is as likely as not that tinnitus began during service or was caused or aggravated by his active service. In rendering this opinion, the examiner is advised that VA adjudication materials do not suggest that tinnitus must have its onset during service or be accompanied by hearing loss in order to be linked to in-service noise exposure. 

The examiner is advised that the term "as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. 

The examiner should provide a complete rationale for any opinion provided. If additional examination is needed to render the above-requested opinion, such should be provided.

6. Thereafter, readjudicate the issues on appeal. If the determination remains unfavorable to the Veteran, he and his representative should be provided with a supplemental statement of the case (SSOC) that addresses all relevant actions taken on the claims. The Veteran should be given an opportunity to respond prior to returning the case to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

No further action is required of the Veteran until further notice. However, the Board takes this opportunity to advise the Veteran that the conduct of the efforts as directed in this remand, as well as any other development deemed necessary, is needed for a comprehensive and correct adjudication of his claims. His cooperation in VA's efforts to develop his claims, including reporting for any scheduled VA examination, is both critical and appreciated. The Veteran is also advised that failure to report for any scheduled examination may result in the denial of a claim. See 38 C.F.R. § 3.655 (2016).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).